UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-22281-LEIBOWITZ/GOODMAN

**TUSHBABY, INC.**,

    *Plaintiff,*

v.

**THE CORPORATIONS, LIMITED LIABILITY COMPANIES, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A**,

    *Defendants.*

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's response to the Court's Order to Show Cause Regarding Joinder of Parties (the "Order") [ECF No. 7] as to whether joinder of Defendants in this intellectual property infringement action is proper under Rule 20 of the Federal Rules of Civil Procedure. [ECF No. 8]. Upon a review of Plaintiff's response to the Court's Order and the Complaint [ECF No. 1], the Court concludes that joinder is improper.

### I. BACKGROUND

Plaintiff, Tushbaby, Inc., brings this intellectual property dispute against nine (9) foreign-based "individuals and business entities" ("Defendants") for alleged infringement of one or more of Plaintiff's registered trade dress and copyrights. [ECF No. 1 ¶¶ 1, 17]. The Court subsequently ordered Plaintiff to supplement the record with briefing as to whether joinder of the Plaintiff and these Defendants is proper under Federal Rule of Civil Procedure 20. [ECF No. 7]. The Court is fully advised.

## II. LEGAL STANDARD

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Federal Rule of Civil Procedure 20(a)(2) provides, in relevant part: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the *same* transaction, occurrence, or series of transactions or occurrences; *and* (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added).

Thus, permissible joinder under Rule 20 requires, in part, a right to relief to be asserted against each defendant, jointly, severally, or in the alternative with respect to, or arising out of, the same transaction, occurrence, or series of transactions or occurrences. *Id.* "The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (per curiam) (citing *In re Rasbury,* 24 F.3d 159, 168 (11th Cir. 1994)).

The Eleventh Circuit has explained that, "[i]n determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to [Fed. R. Civ. P.] 13(a) governing compulsory counterclaims." *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). To that end, "all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* (citation and internal quotation marks omitted). "The 'logical relationship' standard is a 'loose' one that 'permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits.'" *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Edwards-Bennett v. H. Lee Moffitt Cancer & Rsch. Inst., Inc.*, No. 8:13-CV-

00853-T-27, 2013 WL 3197041, at *1 (M.D. Fla. June 21, 2013)). "Notably, similar issues of liability alone are not sufficient to warrant joinder; the claims must also share operative facts." *Id.*

While the Federal Rules of Civil Procedure are construed generously towards "entertaining the broadest possible scope of action consistent with fairness to the parties," and joinder of parties is "strongly encouraged," a district court maintains broad discretion in whether to allow joinder. *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)); *Swan*, 293 F.3d at 1253. "Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander*, 207 F.3d at 1323 (citation omitted).

### III. DISCUSSION

Plaintiff argues that joinder is proper under Rule 20 and the Court should allow the action to proceed against the nine Defendants. [ECF No. 8]. Plaintiff contends that Defendants are properly joined under the first prong of Rule 20(a)(2) because "Defendants are working in a similar manner to sell Infringing Products in the same 'occurrence of mass harm[.]'" *Id.* at 8.

This Court joins many others in holding that a plaintiff cannot satisfy Rule 20's requirements merely by alleging that multiple defendants have infringed the same intellectual property. *See, e.g., Omega, SA v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule "A"*, 650 F. Supp. 3d 1349, 1351–54 (S.D. Fla. 2023) (Moore, J.) (finding joinder of Schedule A defendants improper in trademark infringement action) (citations omitted); *Peleg Design Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule "A" To the Complaint,* No. 1:23-CV-24672, 2024 WL 1759139, at *3 (S.D. Fla. Apr. 24, 2024) (Gayles, J.) (same); *Gold Wing Trading Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A",* No. 23-CV-60849, 2023 WL 9029582, at *2 (S.D. Fla. Nov. 3, 2023) (Middlebrooks, J.) (same); *see also Estee Lauder Cosms. Ltd. v. P'Ships & Unincorporated Ass'ns*, 334 F.R.D. 182, 187 (N.D. Ill. 2020) (Chang, J.); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d

3

888, 892 (N.D. Ill. 2004) (Gettleman, J.)). One defendant's alleged infringement does not necessarily arise out of the *same* transaction, occurrence, or series of transactions or occurrences as another's unrelated infringement. *NFL Props. LLC v. P'Ships & Unincorporated Ass'ns*, No. 21-CV-05522, 2021 WL 4963600, at *2 (N.D. Ill. Oct. 26, 2021). When the defendants are not affiliated with one another, "there is no evidentiary overlap in proving liability for the alleged infringement." *Id.* And one defendant's defenses do not depend on that of an unrelated codefendant. *Id.*

Upon examination of the pleaded facts in this case, the Court is not persuaded that Defendants' conduct is sufficiently logically connected such that the Court can determine that each Defendant's conduct arises out of the same transaction or occurrence or series of transactions or occurrences. In essence, Plaintiff asks the Court to permit suit against apparently independent Defendants alleged—upon information and belief—to infringe upon trade dress and copyrights registered by Plaintiff. In the Complaint, Plaintiff describes Tushbaby's trade dress and eight (8) copyright registrations, claiming that "Defendants are improperly advertising, marketing and/or selling unauthorized and non-compliant products (the "Infringing Products") by reference to and/or embodying Plaintiff's trade dress and copyrights, which causes further confusion and deception in the marketplace." [ECF No. 1 ¶¶ 1, 3]. In short, Plaintiff alleges that "one or more" copyrights are allegedly being infringed by various Defendants without saying which Defendant infringes on which copyright(s). As such, the Court finds that Plaintiff has not provided a sufficient basis for the Court to determine that the claims against each Defendant arise out of the *same* transaction, occurrence, or series of transactions or occurrences as needed to properly join these Defendants in one action. *See Omega, SA,* 650 F. Supp. 3d at 1351–54 (finding joinder improper because, *inter alia*, plaintiff failed to allege that every defendant used and sold the same trademarked image).

The Complaint alleges nine distinct, foreign-based e-commerce sellers "are improperly advertising, marketing and/or selling unauthorized and non-compliant products … by reference to

and/or embodying Plaintiff's trade dress and copyrights" through "numerous fully interactive commercial internet stores operating under … online marketplace accounts[.]" [ECF No. 1 ¶¶ 3–4]. Nevertheless, Plaintiff says "[j]oinder is proper because Fed. R. Civ. P. 20's inclusion of the term 'occurrence' allows a plaintiff to join in a single case the defendants who commonly participate in such unlawful occurrences." [ECF No. 8 at 2]. In support of this argument, Plaintiff relies on *Bose Corp. v. P'ships and Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 511 (N.D. Ill. 2020). In *Bose Corp.*, the Court accepted Plaintiff's argument that Rule 20 permits joinder under a "swarm" of harm theory to the plaintiff as follows:

> Bose faces a swarm of attacks on its trademarks. True, every individual counterfeiter can be said to cause a distinct injury. But that is not Bose's reality. Bose does not perceive any one counterfeiter to be the problem. Each injury by itself is relatively inconsequential to Bose. Rather, it is the injuries in the aggregate—the swarm—that is harmful and from which Bose seeks shelter. From Bose's perspective, filing individual causes of action against each counterfeiter ignores the form of harm it faces. Seeking relief against each member of the swarm one by one defies common sense, because it is the swarm—the fact that all Defendants are attacking at once—that is the defining aspect of the harm from which Bose seeks relief. Joinder of all defendants who are part of the swarm attacking Bose's trademarks flows easily from conceptualizing the swarm as the relevant Rule 20 "occurrence."

*Bose Corp.*, 334 F.R.D. at 517. Importantly, however, the *Bose Corp.* Court went on to qualify its ruling:

> To the extent any defendant appears and raises defenses that differentiate it from the swarm, the Court can always sever that defendant's case under Rule 21, just as the Court on its own severs parties at any point in a case if joinder proves to be unfair.

*Id.*

After reading *Bose Corp.*, this Court is not convinced that joinder of these Defendants under a "swarm" theory of harm to Plaintiff constitutes the "*same* occurrence" or "occurrences" contemplated by Rule 20(a)(2)(A). Instead, the Court agrees with the D.C. Circuit that "[s]imply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) (citation and internal quotation marks omitted).

5

Plaintiff next argues that joinder is proper because "Plaintiff's well-pleaded allegations also satisfy Fed. R. Civ. P 20(a)[(2)](B), which provides that joinder is proper if 'any question of law or fact common to all defendants will arise in the action.'" [ECF No. 8 at 10]. That is not enough. Rule 20 explicitly requires both "arising out of the same transaction, occurrence, or series of transactions or occurrences" *and* common questions of law or fact. *See* Fed. R. Civ. P. 20(a)(2).

Lastly, Plaintiff contends that joinder "serves the important interests of convenience and judicial economy, leading to a just, speedy, and inexpensive resolution for Plaintiff, Defendants, and this Court." [ECF No. 8 at 12]. Plaintiff says "[t]he resources of the Court, other judges in this District, and other Districts will be substantially taxed if Plaintiff's claims against Defendants are severed or dropped." *Id.* at 13. Plaintiff contends that these "impediments would also reduce the ability of Plaintiff and other brand owners to effectively protect their intellectual property rights and consumers in a cost-effective manner." *Id.* In sum, Plaintiff argues that "requiring Plaintiff to file a separate suit with a separate filing fee with separate costs associated with each case is prejudicial to Plaintiff's efforts to protect its intellectual property." *Id.* The Court disagrees. The Plaintiff need not worry about the Court's efficiency as it can always consolidate cases on similar tracks; more generally, this Court can ensure that separate actions are managed and adjudicated together in an efficient manner, and the Court's Order here takes the initial step towards that end.

Joinder of these nine Defendants also generates a windfall of sorts to Plaintiff at the very inception of the case. Plaintiff paid only a single filing fee of $405.00 to sue nine alleged infringers. Separate filings would have brought more than three thousand dollars ($3,645) into the Court's reserves to defray costs associated with these types of cases. Filing fees often act as important pre-suit filters. Absent the requirement of paying for each action asserted against each defendant, Plaintiff lacks any incentive to sort the wheat from the chaff. In any event, whether the Plaintiff decides to filter before filing or not, extra-permissive joinder should not be the rule for certain categories of

6

claims. Party joinder and severance should be applied similarly across cases when a Complaint shows only that multiple defendants are "committing the same type of violation in the same way," and nothing more. *AF Holdings,* 752 F.3d at 998.

In our District, the Honorable K. Michael Moore has wisely explained that in cases such as these, "joinder of numerous defendants in one action undermines judicial economy where the court must still evaluate the evidence submitted against *each* Defendant in support of liability and damages." *Omega, SA,* 650 F. Supp. 3d at 1353 (citing *Estee Lauder Cosms. Ltd.*, 334 F.R.D. at 189 (noting that this "is especially true in the *ex parte* setting of a temporary restraining order, as well as for default-judgment motions"). In certain respects, joinder of these types of defendants "unduly complicates the action against them." *Id.* at 1353. That is because each defendant will face a morass of filings and evidence pertaining to dozens of likely unrelated codefendants. *See id.* This Court agrees with Judge Moore's observations here.

In view of the foregoing, the Court declines to exercise its discretion to join these Defendants pursuant to Rule 20.

## IV. CONCLUSION

It is hereby **ORDERED AND ADJUDGED** that:

1. All Defendants with the exception of Defendant Number 1 on Schedule A are **SEVERED** from this action;

2. All claims against the severed Defendants are **DISMISSED without prejudice** for refiling in separate actions consistent with this Order. In addition to the ongoing duty to bring to the attention of the Court the existence of all other actions and proceedings described in Local Rule 3.8 and Internal Operating Procedure 2.15.00 of the U.S. District Court for the Southern District of Florida, <u>Plaintiff must designate any refiled case against any of the eight (8) severed Defendants</u> as related to this action for

      purposes of Local Rule 3.8 and Internal Operating Procedure 2.15.00 of the U.S. District Court for the Southern District of Florida;

4. *The Clerk of Court* is directed to assign <u>any refiled cases against any of the eight (8) severed Defendants</u> to the undersigned;

5. *The Clerk of Court* is instructed to ADMINISTRATIVELY CLOSE this case;

6. All pending motions, if any, are **DENIED AS MOOT**; and

7. Plaintiff has thirty (30) days from the date of this Order to file an amended complaint that conforms to the requirements of this Order and move to reopen the case.

**DONE AND ORDERED** in the Southern District of Florida on August 8, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record