**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:24-cv-22281-LEIBOWITZ/TORRES

TUSHBABY, INC.,

     Plaintiff,

  v.

 BUBULA, a Foreign Corporation,

     Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff TUSHBABY, INC. ("Plaintiff"), by and through undersigned counsel, sues Bubula ("Defendant") and states:

### INTRODUCTION

1.     This action has been filed by Plaintiff to combat e-commerce sellers online who infringe Plaintiff's intellectual property rights and trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's distinctive trade dress (the "TUSHBABY Trade Dress"), trademark, which is covered by at least U.S. Trademark Registration No. 5,571,954 (the "TUSHBABY Trademark"), as well as copyrights, which are covered by at least U.S. Copyright Office Registrations No. VA 2-355-341, VA 2-360-715, VA 2-360-714, VAu 1-511-350, VA 2-360-713, VAu 1-511-354, VAu 1-511-372, and VAu 1-508-280 (collectively, the "TUSHBABY Copyright Registrations"). The registrations are valid, subsising, and in full force and effect. True and correct copies of the federal copyright registration certificates for the TUSHBABY Trademark Registration and TUSHBABY Copyright Registrations are attached hereto as **Exhibit 1**.

1

2.       TushBaby's premier product is the TushBaby Hip Seat Carrier (the "TUSHBABY Carrier"), a stylish and innovative baby carrier. The TUSHBABY Carrier bears the unique and distinctive TUSHBABY Trademark and Trade Dress which consists of the overall design and configuration of the product, as shown in the copyright-protected photographs below:

 

3.       Defendant is improperly advertising, marketing and/or selling unauthorized and non-compliant products (the "Infringing Products") by reference to and/or embodying Plaintiff's trade dress and copyrights, which causes further confusion and deception in the marketplace.

4.       Defendant is a corporation based in China, which goes to great lengths to conceal its true identity.

5.       The Defendant has created a fully interactive commercial internet store operating online (the "Defendant Internet Store" or "Internet Store"). The Defendant designed its Internet Store to appear to be selling Plaintiff's genuine TUSHBABY products that embody and/or are sold by reference to the TUSHBABY Trade Dress, TUSHBABY Trademark Registration, and TUSHBABY Copyright Registrations (the "TUSHBABY Products"), while selling inferior imitations of such products.

6.       Plaintiff has been forced to file this action to combat Defendant's infringement of the

TUSHBABY Trade Dress, TUSHBABY Trademark Regisration, and TUSHBABY Copyright Registrations, as well as to protect unknowing consumers from purchasing Infringing Products. As a result of Defendant's actions, Plaintiff has been and continues to be irreparably damaged through consumer confusion and tarnishment of its valuable copyrights and goodwill and, therefore, seeks injunctive and monetary relief.

7.      This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Florida and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Florida and in this Judicial District. In addition, each Defendant has offered to sell and ship and/or sold and shipped infringing products into this Judicial District.

## JURISDICTION AND VENUE

8.      This Court has original subject matter jurisdiction over the trademark infringement and false designation of origin claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

9.      This Court has original subject matter jurisdiction over the trade dress claim pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1151, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

10.     This Court has original subject matter jurisdiction over the copyright claim pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

11.     This Court has original subject matter jurisdiction over the false designation of origin claim in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

12.     This Court has jurisdiction over the unfair deceptive trade practices claim in this action that arise under the laws of the State of Florida pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant, because it directly targets consumers in the United States, including Florida, through its Internet Store. Specifically, Defendant is reaching out to do business with Florida residents by operating one or more commercial, interactive Internet Store through which Florida residents can purchase unauthorized and illegal products marketed and sold by reference to and/or embodying Plaintiff's trade dress and/or copyrights. The Defendant has targeted sales from Florida residents by operating online stores that offer shipping to the United States, including Florida, accept payment in U.S. dollars, and, on information and belief, has sold unauthorized and illegal products by reference to and/or embodying Plaintiff's trade dress, federally registered trademark, and/or federally registered copyright to residents of Florida. The Defendant is committing tortious acts in Florida, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Florida. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because the Defendant has committed acts of copyright, trademark, and trade dress infringement in this judicial district, does substantial business in the judicial district, and may be found in this district.

## THE PLAINTIFF

14.     Plaintiff TUSHBABY, INC. ("TUSHBABY.") is a corporation incorporated under the laws of California and is the owner of the TUSHBABY Trade Dress and TUSHBABY

Copyright Registrations referred to above and corresponding federal registrations attached as Exhibit 1.

15.     Plaintiff is a leading infant carrier manufacturer and distributor, and has earned a reputation for quality, reliability and value. Plaintiff's TUSHBABY Products constitute a breakthrough in the infant care industry.

16.     Plaintiff is the official source of TUSHBABY Products in the United States, which include the proprietary TUSHBABY Carrier, a single carrier that provides for the carrying of children aged 0-3 years old, with five storage pockets and a hideable bottle holder.  Exemplary images of the TUSHBABY Products, which consist primarily of iteration of the TUSHBABY Carrier, are below:




17.     Since at least 2018, the TUSHBABY Products have been the subject of substantial and continuous marketing and promotion by Plaintiff, including by way of the TUSHBABY Copyright Registrations.  Plaintiff has and continues to widely market and promote TUSHBABY Products in the industry and to consumers. Plaintiff's promotional efforts include — by way of example but not limitation — substantial print media, the TUSHBABY Products' website and

social media sites, and point of sale materials, all of which featuring at least a portion of the TUSHBABY Copyright Registrations.

18.     Plaintiff has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the TUSHBABY Products. The TUSHBABY Carrier has received the Mom's Choice Award in 2022 and TUSHBABY has received praise from various media outlets such as Buzzfeed, Insider, and Forbes Magazine. As a result, products bearing the TUSHBABY Trade Dress and/or TUSHBABY Copyrights are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

19.     Plaintiff also owns all exclusive rights, including without limitation the rights to reproduce the copyrighted works in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending, in various copyrights for the TUSHBABY Products, including without limitation the TUSHBABY Copyright Registrations.

**THE DEFENDANT**

20.     Defendant is a business entity which, upon information and belief, resides mainly in the People's Republic of China or other foreign jurisdiction. Defendant conducts business throughout the United States, including within Florida and in this Judicial District, through the Defendant Internet Stores. The Defendant targets the United States, including Florida, and has offered to sell and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including Florida and in this Judicial District.

**THE DEFENDANT'S UNLAWFUL CONDUCT**

21.     The success of the TUSHBABY Products has resulted in significant infringement of the product's corresponding intellectual property rights.

6

22.     The Defendant's Internet Store is offering for sale, selling, and importing Infringing Products to consumers in this Judicial District and throughout the United States.

23.     The Defendant created its Internet Store, www.shopbubula.com, for the purpose of selling Infringing Products. Online marketplaces and stores, are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price of illegal goods seized by the U.S. government in fiscal year 2020 was over $1.3 billion. Internet websites like the Defendant Internet Store, which sell products in violation of the intellectual property rights of others, are extremely harmful to legitimate business and the economy.  Illegal retailers like the Defendant, are estimated to contribute to tens of thousands of lost jobs belonging to legitimate businesses and broader economic damages such as lost tax revenue every year.

24.     Defendant facilitates sales of Infringing Products by designing its Internet Store to look to unknowing consumers, to be an authorized online retailer, outlet store, or wholesaler selling genuine TUSHBABY Products.

25.     Plaintiff has not licensed or authorized Defendant to use the TUSHABY Trade Dress or TUSHBABY Copyright Registrations, and the Defendant is not an authorized retailers of genuine TUSHBABY Products.

26.     On information and belief, the Defendant goes to great lengths to conceal its identity and multiplies using a fictitious name and addresses to register and operate the its Internet Store.

27.     Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continue to use the TUSHBABY Trade Dress and TUSHBABY Copyright

7

Registrations in connection with the advertisement, distribution, offering for sale, and sale of Infringing Products into the United States and Florida over the Internet.

28.     The Defendant offers shipping to the United States, including Florida (in this Judicial District) and, on information and belief, has offered to sell counterfeit TUSHBABY Products into the United States, including Florida (in this Judicial District).  The manner in which the Defendant conducts its business is likely to cause to Plaintiff and the consumer public, and has caused confusion, mistake, and deception by and among consumers.

29.     The Defendant is irreparably harming Plaintiff.

**<u>FIRST CAUSE OF ACTION</u>**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING**
**(15 U.S.C. § 1114 *et seq.*)**

30.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-28 of this Complaint.

31.     This is a trademark infringement action against Defendant based on their unauthorized use in commerce of counterfeit imitations of the registered TUSHBABY Trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The TUSHBABY Trademark is a highly distinctive mark. Consumers have come to expect the highest quality from Plaintiff's products provided under the TUSHBABY Trademark. Defendant have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the TUSHBABY Trademark without Plaintiff's permission.

8

*Exemplar of Genuine Trademarked Product Sold by Plaintiff Through its Online Store
In Comparison to*



*Exemplar of Counterfeit Product Sold by Defendant*

32.     Plaintiff is the registered owner of the TUSHBABY Trademark and official source

of TUSHBABY Products. The United States Registrations for the TUSHBABY Trademark

(Exhibit 1) are in full force and effect. Upon information and belief, Defendant have knowledge of Plaintiff's rights in the TUSHBABY Trademark and are willfully infringing and intentionally using counterfeits of the TUSHBABY Trademark. Defendant' willful, intentional, and unauthorized use of the TUSHBABY Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

33.     Defendant' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117.

34.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Products.

35.     Plaintiff has no adequate remedy at law, and, if Defendant' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known TUSHBABY Trademark.

**SECOND CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101, et seq.)**

36.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-39 of this Complaint.

37.     Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending, in various copyrights for the TUSHBABY products, including without limitation copyrights covered by the TUSHBABY Copyright Registrations.

38.     The Defendant has sold, offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products in connection with the TUSHBABY copyrights without Plaintiff's permission.

39.     The Defendant had access to the TUSHBABY products incorporating Plaintiff's registered copyrights before Defendant created its Internet Store.

40.     Upon information and belief, Defendant has directly copied Plaintiff's copyrights for the TUSHBABY products. Alternatively, Defendant's representations of Plaintiff's copyrights for the TUSHBABY products in its Internet Store is strikingly similar, or at the very least substantially similar, to Plaintiff's copyrights for the TUSHBABY products and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and/or public display of Plaintiff's copyrights for the TUSHBABY products. As just one example, the Defendant deceives unknowing consumers by using the TUSHBABY copyrights without authorization within the product descriptions of its Online Store to attract customers as follows:







*Images of Infringing Product Sold on Defendant Internet Store*
*Compared to*







*Images Covered by TushBaby Copyright Registrations*

41.     Defendant's exploitation of Plaintiff's copyrights for the TUSHBABY products in its Internet Store constitutes infringement of Plaintiff's TUSHBABY Copyright Registrations.

42.     On information and belief, Defendant's infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyrights. The Defendant willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Plaintiff, made and distributed in the United States, including this District, caused to be made and distributed in the United States, including this District, and aided, abetted, contributed to, and participated in such unauthorized making and distribution of Infringing Products.

43.     The Defendant either knew, or should have reasonably known, that Plaintiff's TUSHBABY products were protected by copyright and their representations infringed on Plaintiff's copyrights. The Defendant continues to infringe upon Plaintiff's rights in and to the copyrighted work.

44.     As a direct and proximate result of its wrongful conduct, Defendant has realized and continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

45.     In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendant from its wrongful acts, pursuant to 17 U.S.C. § 504(b). The Defendant should be required to account for all gains, profits, and advantages derived by it from its acts of infringement.

46.     In the alternative, Plaintiff is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement.

47.     Plaintiff is entitled to, and may elect to choose, injunctive relief under 17 U.S.C. §

502, enjoining any use or exploitation by Defendant of their infringing work and for an order under

17 U.S.C. § 503 that any of Defendant's infringing products be impounded and destroyed.

48.     Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of

suit pursuant to 17 U.S.C. § 505.

49.     Plaintiff has no adequate remedy at law, and, if Defendant's actions are not

enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its

well-known TUSHBABY copyrights.

### THIRD CAUSE OF ACTION
### FALSE DESIGNATION OF ORIGIN & PASSING OFF
### (15 U.S.C. § 1125(a))

50.     Plaintiff repeats and incorporates by reference herein its allegations contained in

paragraphs 1- 49 of this Complaint.

51.     Defendant's promotion, marketing, offering for sale, and sale of infringing

TUSHBABY Products has created and is creating a likelihood of confusion, mistake, and

deception among the general public as to the affiliation, connection, or association with Plaintiff

or the origin, sponsorship, or approval of Defendant's infringing TUSHBABY Products by

Plaintiff.

52.     By using the TUSHBABY Trade Dress and TUSHBABY Copyright Registrations

in connection with the sale of the Infringing Products, Defendant has created a false designation

of origin and a misleading representation of fact as to the origin and sponsorship of the infringing

TUSHBABY products.

53.     Defendant's use of trade dress that is confusingly similar to the TUSHBABY Trade

Dress without TushBaby's consent in connection with the sale, offering for sale, distribution,

advertising, and/or promotion of the Infringing Products constitutes a false designation of origin

16

and a false or misleading description or representation of goods, tending wrongfully and falsely to describe or represent a connection between TushBaby's and Defendant's products.

54.     Defendant's conduct constitutes misrepresentation of fact as to the origin and/or sponsorship of the infringing TUSHBABY products to the general public under 15 U.S.C. §1125.

55.     Upon information and belief, the Defendant had actual knowledge of TushBaby's ownership and prior use of the TUSHBABY Trade Dress prior to its infringing acts and has acted knowingly and willfully with intent to trade upon TushBaby's goodwill to the detriment of TushBaby.

56.     As a direct and proximate result of Defendant's actions, which constitute false designation of origin, false or misleading description of fact or false or misleading representation of fact, and unfair competition, TushBaby has suffered and continues to suffer great and irreparable injury, for which TushBaby has no adequate remedy at law.

57.     If Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill subsisting in its TUSHBABY Products.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
**(Fla. Stat. § 501.201 et seq.)**

58.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1- 57 of this Complaint.

59.     Defendant's unlawful, unauthorized, and unlicensed use of Plaintiff's trade dress and copyrights on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, selling, and/or otherwise dealing in Infringing Products was and is a willful and deliberate attempt to deceive, and actually has deceived, consumers and the public.

60.    As such, Defendant's actions as alleged herein constitute deceptive acts and unfair practices in the conduct of trade or commerce as defined and in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statute § 501.201, et seq.

61.    As a direct result of Defendant's actions alleged herein, Plaintiff has suffered, and will continue to suffer damages and irreparable harm for which it has no adequate remedy at law.

62.    Pursuant to Florida Statute § 501. et seq., Florida Statute § 501.211 and Florida Statute § 501.2105, Plaintiff is entitled to enjoin Defendant's unlawful conduct, as well as obtain actual damages, plus attorney's fees and court costs.

<u>**FIFTH CAUSE OF ACTION**</u>
**FLORIDA COMMON LAW UNFAIR COMPETITION**

63.    Plaintiffs repeat and incorporate by reference herein its allegations contained in paragraphs 1-62 of this Complaint.

64.    Plaintiffs have not licensed or authorized Defendant to use the TUSHBABY Trade Dress or TUSHBABY Copyright Registrations, and the Defendant is not an authorized retailer of genuine TUSHBABY Products.

65.    The Defendant knowingly and intentionally trades upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiffs' TUSHBABY Trade Dress and TUSHBABY Copyright Registrations.

66.    The Defendant's promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the quality, affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Infringing Products by Plaintiff in violation of Florida's common law of unfair competition.

67.    The Defendant knew, or should have known, that its promotion, marketing, offering

for sale, and sale of Infringing Products has caused and will continue to cause confusion, mistake, and deception among purchasers, users, and the public.

68.     On information and belief, the Defendant's conduct is willful and intentional as Defendant attempts to avoid liability by concealing its identities, using fictitious names and addresses to register and operate its illegal and infringing operations and Internet Store.

69.     Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1.     That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.     using the TUSHBABY Trademark, TUSHBABY Trade Dress and TUSHBABY Copyright Registrations or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine TUSHBABY product or is not authorized by Plaintiff to be sold in connection with the TUSHBABY Trade Dress and TUSHBABY Copyright Registrations;

    b.     passing off, inducing, or enabling others to sell or pass off any product as a genuine TUSHBABY product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or

19

supervision of Plaintiff and approved by Plaintiff for sale under or by reference to the TUSHBABY Trademark, TUSHBABY Trade Dress and TUSHBABY Copyright Registrations;

c.      committing any acts calculated to cause consumers to believe that Defendant' infringing TUSHBABY products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.      further infringing the TUSHBABY Trademark, TUSHBABY Trade Dress and TUSHBABY Copyright Registrations and damaging Plaintiff's goodwill;

e.      otherwise competing unfairly with Plaintiff in any manner;

f.      shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which copy any Plaintiff copyright, including the TUSHBABY Trademark, TUSHBABY Trade Dress and TUSHBABY Copyright Registrations or any reproductions, copies, or colorable imitations thereof; and

g.      using, linking to, transferring, or exercising control over the Defendant Internet Stores or any other online marketplace account that is being used to sell or is the means by which Defendant could continue to sell Infringing Products and/or any other product that infringes the TUSHBABY

Trademark, TUSHBABY Trade Dress and TUSHBABY Copyright Registrations.

2.    Entry of an Order that the Domain Registrar and any other online account provider:

    a.    disable and cease providing services for any accounts through which the Defendant engages in the sale of Infringing Products, including the its Internet Stores and/or any other accounts associated with the Defendant; and

    b.    disable and cease displaying any advertisements used by or associated with the Defendant in connection with the sale of Infringing Products.

3.    The Defendant accounts for and pays to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged.

4.    In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 for each and every use of the TUSHBABY Trademark and statutory damages of not less than $750 and not more than $30,000 for each and every infringement of Plaintiff's copyrights pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement;

5.    That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6.    Award any and all other relief that this Court deems just and proper.

Dated:    August 23, 2024          Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

*/s/ Marshall Dore Louis*

Marshall Dore Louis (FL Bar No. 512680)
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539 8400
E-mail: mlouis@bsfllp.com

***Attorney for Plaintiff, TushBaby Inc.***