## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-22281-LEIBOWITZ/TORRES

TUSHBABY, INC.,

      Plaintiff,

  v.

 BUBULA, a Foreign Corporation,

      Defendant.

_____/

## SECOND AMENDED COMPLAINT

Plaintiff TUSHBABY, INC. ("Plaintiff"), by and through undersigned counsel, sues Bubula ("Defendant") and states:

### INTRODUCTION

1.     This action has been filed by Plaintiff to combat e-commerce sellers online who infringe Plaintiff's intellectual property rights and trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's distinctive trade dress, which is covered by U.S. Trademark Registration No. 7489071 (the "TUSHBABY Trade Dress"), trademark, which is covered by at least U.S. Trademark Registration No. 5,571,954 (the "TUSHBABY Trademark"), as well as copyrights, which are covered by at least U.S. Copyright Office Registrations No. VA 2-360-714, VAu 1-511-350, VA 2-360-713, VAu 1-511-354, VAu 1-511-372, VA 2-402-769, and VA 2-395-564(collectively, the "TUSHBABY Copyrights"). The registrations are valid, subsisting, and in full force and effect. True and correct copies of the federal copyright registration certificates for the TUSHBABY Copyrights are attached hereto as **Exhibit**

**1**. True and correct copies of the federal trademark and trade dress registration certificates are attached hereto as **Exhibit 2**.

2.     TushBaby's premier product is the TushBaby Hip Seat Carrier (the "TUSHBABY Carrier"), a stylish and innovative baby carrier. The TUSHBABY Carrier bears the unique and distinctive TUSHBABY Trademark and Trade Dress which consists of the overall design and configuration of the product, as shown in the copyright-protected photographs below:

 

3.     Defendant is improperly advertising, marketing and/or selling unauthorized and non-compliant products (the "Infringing Products") by reference to and/or embodying Plaintiff's trade dress and copyrights, which causes further confusion and deception in the marketplace.

4.     Defendant is a corporation based in China, which goes to great lengths to conceal its true identity, in this case, by utilizing a fictitious name: BUBULA.

5.     The Defendant has created a fully interactive commercial internet store operating online (the "Defendant Internet Store" or "Internet Store"). The Defendant designed its Internet Store to appear to be selling Plaintiff's genuine TUSHBABY products that embody and/or are sold by reference to the TUSHBABY Trade Dress, TUSHBABY Trademark, and TUSHBABY Copyrights (the "TUSHBABY Products"), while selling inferior imitations of such products.

6.      Plaintiff has been forced to file this action to combat Defendant's infringement of the TUSHBABY Trade Dress, TUSHBABY Trademark, and TUSHBABY Copyrights, as well as to protect unknowing consumers from purchasing Infringing Products. As a result of Defendant's actions, Plaintiff has been and continues to be irreparably damaged through consumer confusion and tarnishment of its valuable copyrights and goodwill and, therefore, seeks injunctive and monetary relief.

7.      This Court has personal jurisdiction over Defendant, in that Defendant conducts significant business in Florida and in this Judicial District, and the acts and events giving rise to this lawsuit of which  Defendant stands accused were undertaken in Florida and in this Judicial District. In addition, Defendant has offered to sell and ship and/or sold and shipped infringing products into this Judicial District.

## JURISDICTION AND VENUE

8.      This Court has original subject matter jurisdiction over the trademark infringement and false designation of origin claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1114, 15 U.S.C. § 1151 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

9.      This Court has original subject matter jurisdiction over the trade dress claim pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1114, 15 U.S.C. § 1151, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

10.      This Court has original subject matter jurisdiction over the copyright claim pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

11.      This Court has original subject matter jurisdiction over the false designation of origin claim in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq.,

28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

12.     This Court has jurisdiction over the unfair deceptive trade practices claim in this action that arise under the laws of the State of Florida pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant, because it directly targets consumers in the United States, including Florida, through its Internet Store. Specifically, Defendant is reaching out to do business with Florida residents by operating one or more commercial, interactive Internet Store through which Florida residents can purchase unauthorized and illegal products marketed and sold by reference to and/or embodying Plaintiff's trade dress and/or copyrights. The Defendant has targeted sales from Florida residents by operating online stores that offer shipping to the United States, including Florida, accept payment in U.S. dollars, and, on information and belief, has sold unauthorized and illegal products by reference to and/or embodying Plaintiff's trade dress, federally registered trademark, and/or federally registered copyright to residents of Florida. The Defendant is committing tortious acts in Florida, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Florida. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because the Defendant has committed acts of copyright, trademark, and trade dress infringement in this judicial district, does substantial business in the judicial district, and may be found in this district.

**THE PLAINTIFF**

14.     Plaintiff TUSHBABY, INC. ("TUSHBABY.") is a corporation incorporated under the laws of California and is the owner of the TUSHBABY Trade Dress and TUSHBABY Copyrights referred to above and corresponding federal registrations attached as Exhibits 1 and 2.

15.     Plaintiff is a leading infant carrier manufacturer and distributor, and has earned a reputation for quality, reliability and value. Plaintiff's TUSHBABY Products constitute a breakthrough in the infant care industry.

16.     Plaintiff is the official source of TUSHBABY Products in the United States, which include the proprietary TUSHBABY Carrier, a single carrier that provides for the carrying of children aged 0-3 years old, with five storage pockets and a hideable bottle holder.  Exemplary images of the TUSHBABY Products, which consist primarily of iterations of the TUSHBABY Carrier, are below:

 

17.     Since at least 2018, the TUSHBABY Products have been the subject of substantial and continuous marketing and promotion by Plaintiff, including by way of the TUSHBABY Copyrights.  Plaintiff has and continues to widely market and promote TUSHBABY Products in the industry and to consumers. Plaintiff's promotional efforts include — by way of example but

not limitation — substantial print media, the TUSHBABY Products' website and social media sites, and point of sale materials, all of which feature the distinctive TUSHBABY Trade Dress and protectable portions of the TUSHBABY Copyrights, including the TUSHBABY Copyrights which are attached hereto as **Exhibit 3**.

18.     Plaintiff has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the TUSHBABY Products. The TUSHBABY Carrier has received the Mom's Choice Award in 2022 and TUSHBABY has received praise from various media outlets such as Buzzfeed, Insider, and Forbes Magazine. As a result, products bearing the TUSHBABY Trade Dress and/or TUSHBABY Copyrights are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

19.     Plaintiff owns all exclusive rights, including without limitation the rights to use in commerce the TUSHBABY Trade Dress, or any reproduction or colorable imitation thereof, in connection with the sale, offering for sale, distribution, or advertising of any goods or services, and the rights to grant licenses or authorization to third parties to use in commerce the TUSHBABY Trade Dress.

20.     Plaintiff also owns all exclusive rights in and to the TUSHBABY Copyrights afforded copyright holders under 17 U.S.C. § 106, including without limitation the rights to create copies, to prepare derivative works, to distribute copies to the public by sale or other transfer of ownership, or by rental, lease, or lending, and to display copies publicly.

## **THE DEFENDANT**

21.     Defendant is a business entity which, upon information and belief, resides mainly in the People's Republic of China or other foreign jurisdiction. Defendant conducts business throughout the United States, including within Florida and in this Judicial District, through the

Defendant Internet Stores. The Defendant targets the United States, including Florida, and has offered to sell and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including Florida and in this Judicial District.

## THE DEFENDANT'S UNLAWFUL CONDUCT

22.     The success of the TUSHBABY Products has resulted in significant infringement of the product's corresponding intellectual property rights.

23.     The Defendant's Internet Store is offering for sale, selling, and importing Infringing Products to consumers in this Judicial District and throughout the United States.

24.     The Defendant created its Internet Store, www.shopbubula.com, for the purpose of selling Infringing Products. Online marketplaces and stores, are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price of illegal goods seized by the U.S. government in fiscal year 2020 was over $1.3 billion. Internet websites like the Defendant Internet Store, which sell products in violation of the intellectual property rights of others, are extremely harmful to legitimate business and the economy.  Illegal retailers like the Defendant are estimated to contribute to tens of thousands of lost jobs belonging to legitimate businesses and broader economic damages such as lost tax revenue every year.

25.     Defendant facilitates sales of Infringing Products by designing its Internet Store to look to unknowing consumers, to be an authorized online retailer, outlet store, or wholesaler selling genuine, authorized TUSHBABY Products.

26.     Plaintiff has not licensed or authorized Defendant to use the TUSHABY Trade Dress or TUSHBABY Copyrights, and the Defendant is not an authorized retailers of genuine TUSHBABY Products.

27.     On information and belief, the Defendant goes to great lengths to conceal its identity, using multiple fictitious names and addresses to register and operate its Internet Store.

28.     Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use the TUSHBABY Trade Dress and TUSHBABY Copyrights in connection with the advertisement, distribution, offering for sale, and sale of Infringing Products into the United States and Florida over the Internet.

29.     Defendant offers shipping to the United States, including Florida (in this Judicial District) and, on information and belief, has offered to sell counterfeit TUSHBABY Products into the United States, including Florida (in this Judicial District).  The manner in which the Defendant conducts its business has caused, and will continue to cause, irreparable damage to Plaintiff if it does not cease its infringing conduct, which has, and is, causing confusion, mistake, and deception by and among consumers.

## FIRST CAUSE OF ACTION
### TRADEMARK INFRINGEMENT AND COUNTERFEITING
#### (15 U.S.C. § 1114 *et seq.*)

30.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-29 of this Complaint.

31.     This is a trademark infringement action against Defendant based on their unauthorized use in commerce of counterfeit imitations of the registered TUSHBABY Trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The TUSHBABY Trademark is a highly distinctive mark. Consumers have come to expect the highest quality from Plaintiff's products provided under the TUSHBABY Trademark. Defendant

have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the TUSHBABY Trademark without Plaintiff's permission.



*Exemplar of Genuine Trademarked Product Sold by Plaintiff Through its Online Store In Comparison to*



*Exemplar of Counterfeit Product Sold by Defendant*

32.     Plaintiff is the registered owner of the TUSHBABY Trademark and official source of TUSHBABY Products. The United States Registrations for the TUSHBABY Trademark (Exhibit 2) are in full force and effect. Upon information and belief, Defendant have knowledge of Plaintiff's rights in the TUSHBABY Trademark and are willfully infringing and intentionally using counterfeits of the TUSHBABY Trademark. Defendant' willful, intentional, and unauthorized use of the TUSHBABY Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

33.     Defendant' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117.

34.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Products.

35.     Plaintiff has no adequate remedy at law, and, if Defendant' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known TUSHBABY Trademark.

**SECOND CAUSE OF ACTION**
**TRADE DRESS INFRINGEMENT**
**(15 U.S.C. § 1114, et seq.)**

36.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-29 of this Complaint.

37.     Plaintiff owns valid and legally protectable rights in the TUSHBABY Trade Dress in the fields of pouch baby carriers, baby carriers worn on the body, baby carriers worn on the hip with storage for carrying babies' and parents' accessories, among other goods and services, based

on both common law rights gained through commercial use and federal registration of the TUSHBABY Trade Dress. *See* Exhibit 2.

38.     Plaintiff's use of the TUSHBABY Trade Dress, including as set forth in the '071 registration, preceded Defendant's first use of the TUSHBABY Trade Dress by at least several years. Defendant has, without authorization, knowingly and willfully used, and continues to use, the TUSHBABY Trade Dress in commerce in connection with the offering, selling, and marketing of the Infringing Products, which bear the TUSHBABY Trade Dress and which are identical in all respects to the TUSHBABY Products, albeit of far inferior quality. Such conduct is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, sponsorship, connection, or association with Plaintiff that is false and misleading. As just one example, the Defendant causes confusion and deceives unknowing consumers by using the TUSHBABY Trade Dress without authorization to advertise the sale of Infringing Products to customers as follows:

*Defendant's Infringing Product:*



*The TUSHBABY Trade Dress:*

 

39.     Defendant's continued and knowing use of the TUSHBABY Trade Dress in connection with the Infringing Products, without Plaintiff's authorization or consent, constitutes intentional infringement of Plaintiff's federally registered trade dress in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

40.     On information and belief, Defendant's infringing acts were willful deliberate, and committed with prior notice and knowledge that such imitation of the TUSHBABY Trade Dress would be likely to cause confusion, mistake, or deception amongst consumers. Defendant

willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Plaintiff, made and distributed, caused to be made and distributed, and/or aided, abetted, and knowingly contributed to and participated in the making and distribution of the Infringing Products in the United States, including this District.

41.     Defendant's actions described above have caused and will continue to cause irreparable damage to Plaintiff, for which Plaintiff has no remedy at law. Unless this Court restrains Defendant from continuing its infringement of the TUSHBABY Trade Dress, these injuries will continue to occur in the future. Plaintiff is accordingly entitled to injunctive relief restraining Defendant from further infringement.

42.     Defendant's intentional, deliberate, and willful use of the TUSHBABY Trade Dress without authorization renders this case exceptional, entitling Plaintiff to an award of reasonable attorney's fees under 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101, et seq.)

43.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-29 of this Complaint.

44.     Plaintiff has, at all relevant times, owned, and continues to own, all exclusive rights in and to the TUSHBABY Copyrights set forth on Exhibit 3, including without limitation the rights to reproduce them in copies, to prepare derivative works, and to distribute copies of the TUSHBABY Copyrights to the public by sale or other transfer of ownership, or by rental, lease, or lending, in various copyrights for the TUSHBABY products, and to display the TUSHBABY Copyrights publicly including without limitation copyrights covered by the TUSHBABY Copyrights.

45.     The Defendant has sold, offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products in connection with the TUSHBABY copyrights without Plaintiff's permission, including the copyrighted imagery set forth on Exhibit 3, which are the subject of, and protected by, the TUSHBABY Copyrights.

46.     The Defendant had access to the TUSHBABY products and related materials incorporating Plaintiff's registered copyrights, including the copyrighted imagery set forth on Exhibit 3, before Defendant created its Internet Store.

47.     Since at least 2023, if not earlier, Defendant has directly copied Plaintiff's copyrights for the TUSHBABY products. Alternatively, Defendant's representations of Plaintiff's copyrights for the TUSHBABY products in its Internet Store are strikingly similar, or at the very least substantially similar, to Plaintiff's copyrights for the TUSHBABY products and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and/or public display of Plaintiff's copyrights for the TUSHBABY products. As just one example, the Defendant deceives unknowing consumers by using the TUSHBABY copyrights without authorization within the product descriptions of its Internet Store to attract customers. The following examples, which are non-exhaustive, demonstrate the ways in which Defendant has willfully appropriated key protectable elements of Plaintiff's imagery, including the lighting, shading, composition, angles, poses, and accompanying instructional material and product descriptions, to capitalize on Plaintiff's marketing and concoct a false affiliation with Plaintiff's TUSHBABY products (with Plaintiff's copyrighted imagery on the left and Defendant's infringing imagery on the right):





48.     Defendant's exploitation of Plaintiff's copyrights for the TUSHBABY products in its Internet Store constitutes infringement of Plaintiff's TUSHBABY Copyrights.

49.     On information and belief, Defendant's infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyrights. The Defendant willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Plaintiff, made and distributed in the United States, including this District, caused to be made and distributed in the United States, including this District, and aided, abetted, contributed to, and participated in such unauthorized making and distribution of Infringing Products.

50.     The Defendant either knew, or should have reasonably known, that Plaintiff's TUSHBABY products were protected by copyright and their representations infringed on Plaintiff's copyrights. The Defendant continues to infringe upon Plaintiff's rights in and to the copyrighted work.

51.     As a direct and proximate result of its wrongful conduct, Defendant has realized and continues to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

52.     In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendant from its wrongful acts, pursuant to 17 U.S.C. § 504(b). The Defendant should be required to account for all gains, profits, and advantages derived by it from its acts of infringement.

53.     In the alternative, Plaintiff is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement.

54.     Defendant's actions described above have caused and will continue to cause irreparable damage to Plaintiff, for which Plaintiff has no remedy at law. Unless this Court restrains Defendant from continuing its infringement of the TUSHBABY Copyrights, these injuries will continue to occur in the future. Plaintiff is accordingly entitled to injunctive relief restraining Defendant from further infringement.

55.     Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## FOURTH CAUSE OF ACTION
### FALSE DESIGNATION OF ORIGIN & PASSING OFF
### (15 U.S.C. § 1125(a))

56.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-29 of this Complaint.

57.     Defendant's promotion, marketing, offering for sale, and sale of infringing TUSHBABY Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff

or the origin, sponsorship, or approval of Defendant's infringing TUSHBABY Products by Plaintiff.

58.     By using the TUSHBABY Trade Dress and TUSHBABY Copyrights in connection with the sale of the Infringing Products, Defendant has created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the infringing TUSHBABY products.

59.     Defendant's use of trade dress that is confusingly similar to the TUSHBABY Trade Dress without TushBaby's consent in connection with the sale, offering for sale, distribution, advertising, and/or promotion of the Infringing Products constitutes a false designation of origin and a false or misleading description or representation of goods, tending wrongfully and falsely to describe or represent a connection between TushBaby's and Defendant's products.

60.     Defendant's conduct constitutes misrepresentation of fact as to the origin and/or sponsorship of the infringing TUSHBABY products to the general public under 15 U.S.C. §1125.

61.     Upon information and belief, the Defendant had actual knowledge of TushBaby's ownership and prior use of the TUSHBABY Trade Dress prior to its infringing acts and has acted knowingly and willfully with intent to trade upon TushBaby's goodwill to the detriment of TushBaby.

62.     As a direct and proximate result of Defendant's actions, which constitute false designation of origin, false or misleading description of fact or false or misleading representation of fact, and unfair competition, TushBaby has suffered and continues to suffer great and irreparable injury, for which TushBaby has no adequate remedy at law.

63.     If Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill subsisting in its TUSHBABY Products.

## FIFTH CAUSE OF ACTION
### VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (Fla. Stat. § 501.201 et seq.)

64.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-29 of this Complaint.

65.     Defendant's unlawful, unauthorized, and unlicensed use of Plaintiff's trade dress and copyrights on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, selling, and/or otherwise dealing in Infringing Products was and is a willful and deliberate attempt to deceive, and actually has deceived, consumers and the public.

66.     As such, Defendant's actions as alleged herein constitute deceptive acts and unfair practices in the conduct of trade or commerce as defined and in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statute § 501.201, et seq.

67.     As a direct result of Defendant's actions alleged herein, Plaintiff has suffered, and will continue to suffer damages and irreparable harm for which it has no adequate remedy at law.

68.     Pursuant to Florida Statute § 501. et seq., Florida Statute § 501.211 and Florida Statute § 501.2105, Plaintiff is entitled to enjoin Defendant's unlawful conduct, as well as obtain actual damages, plus attorney's fees and court costs.

## SIXTH CAUSE OF ACTION
### FLORIDA COMMON LAW UNFAIR COMPETITION

69.     Plaintiffs repeat and incorporate by reference herein its allegations contained in paragraphs 1-29 of this Complaint.

70.     Plaintiffs have not licensed or authorized Defendant to use the TUSHBABY Trade Dress or TUSHBABY Copyrights, and the Defendant is not an authorized retailer of genuine TUSHBABY Products.

71.     The Defendant knowingly and intentionally trades upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiffs' TUSHBABY Trade Dress and TUSHBABY Copyrights.

72.     The Defendant's promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the quality, affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Infringing Products by Plaintiff in violation of Florida's common law of unfair competition.

73.     The Defendant knew, or should have known, that its promotion, marketing, offering for sale, and sale of Infringing Products has caused and will continue to cause confusion, mistake, and deception among purchasers, users, and the public.

74.     On information and belief, the Defendant's conduct is willful and intentional as Defendant attempts to avoid liability by concealing its identities, using fictitious names and addresses to register and operate its illegal and infringing operations and Internet Store.

75.     Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1.     That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

a.  using the TUSHBABY Trademark, TUSHBABY Trade Dress and TUSHBABY Copyrights or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine TUSHBABY product or is not authorized by Plaintiff to be sold in connection with the TUSHBABY Trade Dress and TUSHBABY Copyrights;

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine TUSHBABY product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under or by reference to the TUSHBABY Trademark, TUSHBABY Trade Dress and TUSHBABY Copyrights;

c.  committing any acts calculated to cause consumers to believe that Defendant' infringing TUSHBABY products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.  further infringing the TUSHBABY Trademark, TUSHBABY Trade Dress and TUSHBABY Copyrights and damaging Plaintiff's goodwill;

e.  otherwise competing unfairly with Plaintiff in any manner;

f.  shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized

by Plaintiff to be sold or offered for sale, and which copy any Plaintiff copyright, including the TUSHBABY Trademark, TUSHBABY Trade Dress and TUSHBABY Copyrights or any reproductions, copies, or colorable imitations thereof; and

g.   using, linking to, transferring, or exercising control over the Defendant Internet Stores or any other online marketplace account that is being used to sell or is the means by which Defendant could continue to sell Infringing Products and/or any other product that infringes the TUSHBABY Trademark, TUSHBABY Trade Dress and TUSHBABY Copyrights.

2.   Entry of an Order that the Domain Registrar and any other online account provider:

a.   disable and cease providing services for any accounts through which the Defendant engages in the sale of Infringing Products, including the its Internet Stores and/or any other accounts associated with the Defendant; and

b.   disable and cease displaying any advertisements used by or associated with the Defendant in connection with the sale of Infringing Products.

3.   That Plaintiff be awarded its damages and Defendant's profits in connection with the infringement of its registered trade dress;

4.   That Plaintiff be awarded actual damages and profits attributable to the infringement of its copyrights, or in the alternative and at its election, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 for each and every use of the TUSHBABY Trademark and statutory damages of not less than $750 and not more than $30,000 for each and every infringement of Plaintiff's copyrights

pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement;

5.       An order requiring Defendant to deliver up for destruction all products, packaging, labels, advertising, or any other material bearing imitations, including confusingly similar variations, of Plaintiff's respective trade dress and copyrights pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503;

6.       Prejudgement and post-judgement interest at the applicable rate;

7.       That Plaintiff be awarded its reasonable attorneys' fees and costs; and

8.       Award any and all other relief that this Court deems just and proper.


Dated:       September 18, 2024                    Respectfully submitted,


                                                   /s/ James M. Slater
                                                   _____

                                                   James M. Slater (FBN 111779)
                                                   ESCA Legal LLC
                                                   9000 Dadeland Blvd. #1500
                                                   Miami, FL 33156
                                                   Tel.: (305) 523-9023
                                                   james@esca.legal

                                                   Leo M. Lichtman (admitted *pro hac vice*) ESCA Legal LLC
                                                   1117 Sixth Avenue, Fifth Floor
                                                   New York, NY 10036
                                                   Tel.: (347) 745-2535
                                                   leo@esca.legal

                                                   *Attorneys for Plaintiff TushBaby Inc.*

# Exhibit 1

**Registration #:**   VA0002402769
**Service Request #:**   1-13572821261

## Mail Certificate _____

ESCA LEGAL LLC
Francesca M. Witzburg
208 Lenox Ave #211
Westfield, NJ  07090 United States

**Priority:**   Special Handling       **Application Date:**   March 01, 2024

## Correspondent _____

**Organization Name:**   ESCA LEGAL LLC
**Name:**   Francesca M. Witzburg
**Email:**   fw-pto@esca.legal
**Telephone:**   (917)397-1384
**Address:**   1177 6th Avenue, 5th FLR
New York, NY 10036 United States

Registration Number

# VA 2-402-769

**Effective Date of Registration:**
March 01, 2024
**Registration Decision Date:**
July 11, 2024

## Title _____

|  |  |
|---|---|
| **Title of Work:** | Tushbaby Website 2024 |

## Completion/Publication _____

|  |  |
|---|---|
| **Year of Completion:** | 2024 |
| **Date of 1st Publication:** | January 31, 2024 |
| **Nation of 1st Publication:** | United States |

## Author _____

|  |  |
|---|---|
| • **Author:** | Jackie Cederholm |
| **Author Created:** | photograph |
| **Work made for hire:** | No |
| **Domiciled in:** | United States |

|  |  |
|---|---|
| • **Author:** | David Myers |
| **Author Created:** | text and graphics |
| **Work made for hire:** | No |
| **Domiciled in:** | United States |

## Copyright Claimant _____

|  |  |
|---|---|
| **Copyright Claimant:** | TushBaby, Inc.<br>2356 Lariat Ln, Walnut Creek, CA, 94596, United States |
| **Transfer statement:** | By written agreement |

## Limitation of copyright claim _____

|  |  |
|---|---|
| **Material excluded from this claim:** | The logos of well-known companies. |
| **New material included in claim:** | New text and graphics on this version of the website include the names and graphics of new colorways of the products featured on this version of the website, namely, orchid, leopard, tweed, metallic, and python for the Hip Carrier; black, leopard, cream, and gray for the Snug; and cognac and cream for the Pack. |

See pages 110, 123, 149, 163, 178, 193, 208, 223, 239 of the deposit, for example. The original text and graphics created by David Myers appear on these pages as well as other pages not explicitly listed here. David Myers did not create the logos of well-known companies featured on the previous version or this new version of the website.

The new photographs also correspond to the new colorways of the aforementioned products, namely, orchid, leopard, tweed, metallic, and python for the Hip Carrier; black, leopard, cream, and gray for the Snug; and cognac and cream for the Pack. See pages 110, 123, 149, 162, 177, 192, 207, 222, 238 of the deposit, for example. The original photographs by Jacke Cederholm are featured on the website on pages 110, 136, 149, 162, 177, 192, 207, 222 of the deposit.

## Rights and Permissions

**Organization Name:** ESCA LEGAL LLC
**Name:** Francesca M. Witzburg
**Email:** fw-pto@esca.legal
**Telephone:** (917)397-1384
**Address:** 1177 6th Avenue, 5th FLR
New York, NY 10036 United States

## Certification

**Name:** Francesca M. Witzburg
**Date:** March 01, 2024
**Applicant's Tracking Number:** TUSHB-CO12

**Correspondence:** Yes

**Registration #:** VAu001511372
**Service Request #:** 1-12969858681



ESCA LEGAL LLC
Francesca M. Witzburg
208 Lenox Ave #211
Westfield, NJ 07090 United States

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director



**Registration Number**

# VAu 1-511-372

**Effective Date of Registration:**
September 10, 2023
**Registration Decision Date:**
November 20, 2023

## Title

**Title of Work:** Tushbaby Artwork 3

## Completion/Publication

**Year of Completion:** 2023

## Author

- **Author:** David Hassan
  **Author Created:** 2-D artwork
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** TushBaby, Inc.
PO Box 413, 160 Alamo Plz, Alamo, CA, 94507, United States
**Transfer statement:** By written agreement

## Rights and Permissions

**Organization Name:** ESCA LEGAL LLC
**Name:** Francesca M. Witzburg
**Email:** francesca@witzburg.com
**Telephone:** (917)397-1384
**Address:** One Rockefeller Plaza, 11th Floor
New York, NY 10020 United States

## Certification

**Name:** Francesca M. Witzburg
**Date:** September 10, 2023

**Applicant's Tracking Number**:   TUSHB-CO9

**Copyright Office notes:**   Basis for Registration: Registration does not extend to any useful article depicted. Registration extends to deposited artwork only. 17 USC 101, 102(a), and 113.

**Registration #:** VA0002360714
**Service Request #:** 1-12824549251



Witzburg Ventures LLC DBA Francesca Witzburg, Esq.
Francesca M. Witzburg
208 Lenox Ave., #211
Westfield, NJ 07090 United States

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

**VA 2-360-714**

**Effective Date of Registration:**
August 07, 2023
**Registration Decision Date:**
August 31, 2023

## Copyright Registration for a Group of Published Photographs
Registration issued pursuant to 37 C.F.R. § 202.4(i)

For Photographs Published: May 03, 2018 to September 10, 2018

### Title _____

**Title of Group:** Tushbaby Photos by Mark Fore
**Number of Photographs in Group:** 30

### Completion/Publication _____

**Year of Completion:** 2018
**Earliest Publication Date in Group:** May 03, 2018
**Latest Publication Date in Group:** September 10, 2018
**Nation of First Publication:** United States

### Author _____

**Author:** Mark Fore
**Author Created:** photographs
**Domiciled in:** United States

### Copyright Claimant _____

**Copyright Claimant:** TushBaby, Inc.
2356 Lariat Ln, Walnut Creek, CA, 94596, United States
**Transfer statement:** By written agreement

### Rights and Permissions _____

**Organization Name:** Witzburg Ventures LLC DBA Francesca Witzburg, Esq.
**Name:** Francesca M. Witzburg
**Email:** francesca@witzburg.com
**Telephone:** (917)397-1384

**Address:** One Rockefeller Plaza, 11th Floor
New York, NY 10020 United States

## Certification

**Name:** Francesca M. Witzburg
**Date:** August 07, 2023
**Applicant's Tracking Number:** TUSHB-CO3

**Copyright Office notes:** Regarding title information: Deposit contains complete list of titles that correspond to the individual photographs included in this group.

Regarding group registration: A group of published photographs may be registered on one application with one filing fee only under limited circumstances. ALL of the following are required: 1. All photographs (a) were created by the same author AND (b) are owned by the same copyright claimant AND (c) were published in the same calendar year AND 2. The group contains 750 photographs or less AND 3. A sequentially numbered list of photographs containing the title, file name and month of publication for each photograph included in the group must be uploaded along with other required application materials. The list must be submitted in an approved document format such as .XLS or .PDF. The file name for the numbered list must contain the title of the group and the Case Number assigned to the application.

**Registration #:** VA0002395564
**Service Request #:** 1-13842743271



ESCA LEGAL LLC
Francesca M. Witzburg
208 Lenox Ave. #211
Westfield, New Jersey 07090 United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director



**Registration Number**

## VA 2-395-564

**Effective Date of Registration:**
May 17, 2024
**Registration Decision Date:**
May 28, 2024

---

## Title

**Title of Work:**  TushBaby Photo 1 by Robert Couto 2021

## Completion/Publication

**Year of Completion:**  2021
**Date of 1st Publication:**  April 01, 2021
**Nation of 1st Publication:**  United States

## Author

• **Author:**  Robert Couto
**Author Created:**  photograph
**Citizen of:**  United States

## Copyright Claimant

**Copyright Claimant:**  TushBaby, Inc.
1990 N. California Blvd., Suite 20, Walnut Creek, CA, 94596, United States
**Transfer statement:**  By written agreement

## Rights and Permissions

**Organization Name:**  ESCA LEGAL LLC
**Name:**  Francesca M. Witzburg
**Email:**  fw-pto@esca.legal
**Telephone:**  (917)397-1384
**Address:**  1177 6th Avenue, 5th FLR
New York, NY 10036 United States

## Certification

**Name:** Francesca M. Witzburg
**Date:** May 17, 2024
**Applicant's Tracking Number:** TUSHB-CO13

**Correspondence:** Yes
**Copyright Office notes:** Basis for Registration: Registration does not extend to any useful article depicted. Registration extends to deposited photograph only. 17 USC 101, 102 (a), and 113.

**Registration #:** VA0002360713
**Service Request #:** 1-12833553371



Witzburg Ventures LLC DBA Francesca Witzburg, Esq.
Francesca M. Witzburg
208 Lenox Ave., #211
Westfield, New Jersey 07090 United States

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-360-713

**Effective Date of Registration:**
August 07, 2023
**Registration Decision Date:**
August 31, 2023

---

## Copyright Registration for a Group of Published Photographs
Registration issued pursuant to 37 C.F.R. § 202.4(i)

For Photographs Published:   January 17, 2023 to April 17, 2023

### Title _____

**Title of Group:** Tushbaby Photos 2023 by Jackie Cederholm
**Number of Photographs in Group:** 245

### Completion/Publication _____

**Year of Completion:** 2023
**Earliest Publication Date in Group:** January 17, 2023
**Latest Publication Date in Group:** April 17, 2023
**Nation of First Publication:** United States

### Author _____

- **Author:** Jackie Cederholm
  **Author Created:** photographs
  **Domiciled in:** United States

### Copyright Claimant _____

**Copyright Claimant:** TushBaby, Inc.
2356 Lariat Ln, Walnut Creek, CA, 94596, United States
**Transfer statement:** By written agreement

### Rights and Permissions _____

**Organization Name:** Witzburg Ventures LLC DBA Francesca Witzburg, Esq.
**Name:** Francesca M. Witzburg
**Email:** francesca@witzburg.com
**Telephone:** (917)397-1384

Page 1 of 2

**Address:** One Rockefeller Plaza, 11th Floor
New York, NY 10020 United States

## Certification

**Name:** Francesca M. Witzburg
**Date:** August 07, 2023
**Applicant's Tracking Number:** TUSHB-CO7 number list.xlsx

**Copyright Office notes:** Regarding title information: Deposit contains complete list of titles that correspond to the individual photographs included in this group.

Regarding group registration: A group of published photographs may be registered on one application with one filing fee only under limited circumstances. ALL of the following are required: 1. All photographs (a) were created by the same author AND (b) are owned by the same copyright claimant AND (c) were published in the same calendar year AND 2. The group contains 750 photographs or less AND 3. A sequentially numbered list of photographs containing the title, file name and month of publication for each photograph included in the group must be uploaded along with other required application materials. The list must be submitted in an approved document format such as . XLS or .PDF. The file name for the numbered list must contain the title of the group and the Case Number assigned to the application.

**Registration #:**   VAu001511350
**Service Request #:**   1-12970117683



ESCA LEGAL LLC
Francesca M. Witzburg
208 Lenox Ave #211
Westfield, NJ 07090 United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VAu 1-511-350

**Effective Date of Registration:**
September 10, 2023
**Registration Decision Date:**
November 20, 2023

---

## Title

**Title of Work:** Tushbaby Artwork 1

## Completion/Publication

**Year of Completion:** 2023

## Author

- **Author:** David Hassan
  **Author Created:** 2-D artwork
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** TushBaby, Inc.
PO Box 413, 160 Alamo Plz, Alamo, CA, 94507, United States
**Transfer statement:** By written agreement

---

## Rights and Permissions

**Organization Name:** ESCA LEGAL LLC
**Name:** Francesca M. Witzburg
**Email:** francesca@witzburg.com
**Telephone:** (917)397-1384
**Address:** One Rockefeller Plaza, 11th Floor
New York, NY 10020 United States

## Certification

**Name:** Francesca M. Witzburg
**Date:** September 10, 2023

**Applicant's Tracking Number**:   TUSHB-CO5

**Copyright Office notes:**   Basis for Registration: Registration does not extend to any useful article depicted. Registration extends to deposited artwork only. 17 USC 101, 102(a), and 113.

**Registration #:**  VAu001511354
**Service Request #:**  1-12970117616



ESCA LEGAL LLC
Francesca M. Witzburg
208 Lenox Ave #211
Westfield, NJ 07090 United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VAu 1-511-354

**Effective Date of Registration:**
September 10, 2023
**Registration Decision Date:**
November 20, 2023

## Title ─────────────────────────────

**Title of Work:**   Tushbaby Artwork 2

## Completion/Publication ──────────────

**Year of Completion:**   2023

## Author ────────────────────────────

- **Author:**   David Hassan
  **Author Created:**   2-D artwork
  **Domiciled in:**   United States

## Copyright Claimant ─────────────────

**Copyright Claimant:**   TushBaby, Inc.
PO Box 413, 160 Alamo Plz, Alamo, CA, 94507, United States
**Transfer statement:**   By written agreement

## Rights and Permissions ─────────────

**Organization Name:**   ESCA LEGAL LLC
**Name:**   Francesca M. Witzburg
**Email:**   francesca@witzburg.com
**Telephone:**   (917)397-1384
**Address:**   One Rockefeller Plaza, 11th Floor
New York, NY 10020 United States

## Certification ──────────────────────

**Name:**   Francesca M. Witzburg
**Date:**   September 10, 2023

**Applicant's Tracking Number**:   TUSHB-CO8

**Copyright Office notes:**   Basis for Registration: Registration does not extend to any useful article depicted. Registration extends to deposited artwork only. 17 USC 101, 102(a), and 113.

# Exhibit 2

# United States of America
## United States Patent and Trademark Office



**Reg. No. 7,489,071**

**Registered Aug. 27, 2024**

**Int. Cl.: 18**

**Trademark**

**Principal Register**

TushBaby, Inc.  (CALIFORNIA CORPORATION)
PO Box 413
160 Alamo Plz, CALIFORNIA 94507

CLASS 18: Pouch baby carriers; baby carriers worn on the body; baby carriers worn on the hip with storage for carrying babies' and parents' accessories

FIRST USE 5-8-2018; IN COMMERCE 5-8-2018

The mark consists of a three-dimensional the configuration of a pocket and a flap. The matter shown in dotted lines is not part of the claimed mark.

SEC.2(F)

SER. NO. 98-310,767, FILED 12-12-2023





Katherine Kelly Vidal

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the  expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# TushBaby

**Reg. No. 5,571,954**

**Registered Sep. 25, 2018**

**Int. Cl.: 18**

**Trademark**

**Principal Register**

Tamara Edlin Rant  (UNITED STATES INDIVIDUAL)
2356 Lariat Ln.
Walnut Creek, CALIFORNIA 94596

CLASS 18: Baby carriers worn on the hip with storage for carrying babies' and parents' accessories

FIRST USE 5-9-2018; IN COMMERCE 5-9-2018

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-617,749, FILED 09-21-2017



Director of the United States
Patent and Trademark Office

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# Exhibit 3



*U.S. Copyright Office Registration No. VA 2-360-714*



*U.S. Copyright Office Registration No. VA 2-360-714*



*U.S. Copyright Office Registration No. VA 2-360-714*



*U.S. Copyright Office Registration No. VA 2-360-714*



*U.S. Copyright Office Registration No. VA 2-360-713*



*U.S. Copyright Office Registration No. VA 2-360-713*



*U.S. Copyright Office Registration No. VA 2-360-713*



*U.S. Copyright Office Registration No. VA 2-402-769*



*U.S. Copyright Office Registration No. VA 2-402-769*



*U.S. Copyright Office Registration No. VA 2-402-769*



*U.S. Copyright Office Registration No. VA 2-402-769*



*U.S. Copyright Office Registration No. VAu 1-511-372*

*U.S. Copyright Office Registration No. VAu 1-511-354*

*U.S. Copyright Office Registration No. VAu 1-511-350*



*U.S. Copyright Office Registration No. 2-395-564*