UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-23240-LEIBOWITZ

Consolidated Under Lead Case No. 1:24-cv-22281-LEIBOWITZ

TUSHBABY, INC.,

      Plaintiff,

v.

DCUTIE, a foreign corporation,

      Defendant.

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Rule 15, Plaintiff Tushbaby, Inc., through counsel, moves for leave to amend its operative Amended Complaint [ECF No. 5] and file the attached proposed Second Amended Complaint. Specifically, Plaintiff seeks leave to amend to assert an additional claim for trade dress infringement based on Tushbaby's recent federal trade dress registration with the U.S. Patent and Trademark Office.

**BACKGROUND**

1.    Tushbaby filed this lawsuit as part of its efforts to combat e-commerce sellers online who infringe its intellectual property rights and trade upon its reputation and goodwill by selling and/or offering for sale products in connection with Tushbaby's distinctive trade dress as well as copyrights.

2.    On August 8, 2024, the Court entered an order denying Tushbaby's *ex parte* motion for a temporary restraining order, among other things, and ordered all defendants except Bubula

severed from the lead case.

3.      On August 23, 2024, Tushbaby filed its complaint against DCUTIE, per the Court's Order in the lead case, that case was then consolidated in the lead case identified above. [ECF No. 8].

4.      On August 26, 2024, Tushbaby filed an Amended Complaint. [ECF No. 5].

5.      On August 27, 2024, after Tushbaby filed its operative Amended Complaint, the United States Patent and Trademark Office issued a registration for Tushbaby's distinctive trade dress.

6.      That same day, undersigned successor counsel appeared for Tushbaby. [ECF Nos. 7 & 10].

7.      Given these developments, Tushbaby seeks to amend its complaint to raise an additional claim for infringement of its registered trade dress and clarify some of the allegations in its complaint.

8.      Conterminously with this motion, Tushbaby is amending its complaints in the other consolidated actions by right under Rule 15 to add identical trade dress infringement claims as well.

## ARGUMENT

Rule 15 provides that a party may amend its pleading with "the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a district court will look to determine whether (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed"; (2) "allowing amendment would cause undue prejudice to the opposing party"; or (3) "amendment would be futile" when considering whether to grant leave under Rule 15(a)(2). *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).

Here, there is no prejudice in amending the complaint because DCUTIE has not appeared in this litigation and discovery has not yet begun. *See Tampa Bay Water v. HDR Eng'g, Inc*., 731 F.3d 1171, 1186 (11th Cir. 2013) (prejudice is likely to exist if amendment involves new theories that require additional discovery; affirming denial of motion for leave because it was filed after discovery closed) (quotation omitted). Further, when the facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given under Rule 15(a). *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). Unless "there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988). Here, Tushbaby's proposed clarifications and additions are not subject to any bar or limitation that would impair their viability, and therefore leave to amend should be freely given.

## **CONCLUSION**

Accordingly, Plaintiff Tushbaby, Inc. respectfully requests that the Court grant this motion and permit it to file the attached Second Amended Complaint.

## **Certificate of Good Faith Conference**

No party or nonparties who may be affected by the relief sought in the motion have appeared in this case. To the extent such party or nonparty appears prior to the disposition of this motion, Plaintiff will file a supplemental certificate setting forth such party's or nonparty's position on the relief requested herein.

Dated: September 18, 2024

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
ESCA Legal LLC
9000 Dadeland Blvd. #1500
Miami, FL 33156

Tel.: (305) 523-9023
james@esca.legal

Leo M. Lichtman (admitted *pro hac vice*)
ESCA Legal LLC
1117 Sixth Avenue, Fifth Floor
New York, NY 10036
Tel.: (347) 745-2535
leo@esca.legal

*Attorneys for Plaintiff TushBaby Inc.*